ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Kentucky Business Enterprise | ) ASBCA No. 63023 |
| | ) |
| Under Contract No. W9124J-20-D-0007 | ) |

APPEARANCE FOR THE APPELLANT:   Dondra J. Meredith, Esq.
   Education and Workforce
    Development Cabinet
   Frankfort, KY

APPEARANCES FOR THE GOVERNMENT:   Scott N. Flesch, Esq.
   Army Chief Trial Attorney
   CPT Philip L. Aubart, JA
   Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE EYESTER
ON THE GOVERNMENT'S MOTION TO DISMISS

The Department of the Army (Army or government) moves to dismiss the appeal for lack of jurisdiction under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. Specifically, the Army argues that Kentucky Business Enterprise (KBE or appellant) failed to file its appeal with this Board within 90 days of the contracting officer's final decision (COFD). In this case, KBE erroneously filed its appeal with the Civilian Board of Contract Appeals (CBCA) on day 90, and upon learning of the mistake, filed its appeal with this Board on day 91. KBE contends the Board nonetheless has jurisdiction because KBE submitted its notice of intent to appeal to the contracting officer within 90 days of the COFD. For the reasons set forth below, we grant the government's motion.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On February 10, 2020, the Army awarded indefinite-delivery, indefinite-quantity contract W9124J-20-D-0007 to KBE[1] for full food service functions at the Army base

---

[1] The request for proposals solicited offers from state licensing agencies (SLA) under the Randolph-Sheppard Act (RSA), 20 U.S.C. § 107 *et. seq.* (R4, tab 2 at 78). The Army awarded the contract to the Vocational Rehabilitation Division of the Office of the Blind, which is an SLA pursuant to the RSA (R4, tab 5 at 1, 110). By an

in Ft. Knox, Kentucky (R4, tab 5 at 1, 49).  The contract incorporated by reference Federal Acquisition Regulation (FAR) 52.212-4, CONTRACT TERMS AND CONDITIONS-COMMERCIAL ITEMS (OCT 2018) (R4, tab 5 at 1, 25, 45-47).  That clause contains subparagraph (d) on disputes stating, in relevant part that "[f]ailure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal or action arising under or relating to this contract shall be a dispute to be resolved in accordance with the clause at [FAR] 52.233-1, Disputes, which is incorporated herein by reference."  FAR 52.233-1(f), DISPUTES, states that "[t]he Contracting Officer's decision shall be final unless the Contractor appeals or files a suit as provided in 41 U.S.C. chapter 71."

The Army subsequently issued task orders W9124D-20-F-0754 and W9124D-21-F-0313 pursuant to the contract (R4, tabs 12, 16, 29).  All task orders were subject to the terms and conditions of the contract (R4, tab 5 at 40).

On Friday, June 4, 2021, at 10:01 pm, 10:20 pm, and 10:28 pm, the contract specialist emailed KBE modifications to the contract and two task orders (R4, tab 37).  The modifications, which were signed by the contracting officer, stated:

A.)  In accordance with Federal Acquisition Regulation (FAR) 52.212-4(m) the Government is permitted to terminate this contract, or any part hereof, for cause in the event [the] Contractor fails to provide the Government, upon request, with adequate assurances of future performance.  The Contracting Officer has determined that the contractor failed to provide the Government with adequate assurances of future performance via the letter received 4 June 2021 and termination is warranted.

B.)  Since this is a termination for cause, the Government shall not be liable to the Contractor for any amount for supplies or services not accepted, and

---

Order dated October 20, 2021, the Board requested clarification regarding the name of the contractor and appellant.  KBE has explained that the appellant and contractor here are the same--the Commonwealth of Kentucky--and that the proper legal name is actually the Commonwealth of Kentucky, Education and Workforce Development Cabinet, Office of Vocational Rehabilitation, Division of KBE.  According to KBE, the different names used in the contract and related documents arose from agency reorganizations.  (Clarification of app. name at 1)  KBE states that the Commonwealth of Kentucky, through KBE, is therefore the contractor and appellant (*id.*at 1-2).

the Contractor shall be liable to the Government for any and all rights and remedies provided by law.

C.) The Government will inform the contractor of the remedies the government intends to seek on or about 6 July 2021.

D.) This notice constitutes a final decision of the Contracting Officer[;] the Contractor has the right to appeal under the Disputes clause (see FAR 33.211)

(R4, tabs 37a-37c at 1) The Army states it terminated the contract and task orders for cause because KBE submitted a June 4, 2021 letter to the Army that demonstrated an anticipatory repudiation "which clearly manifested [the] contractor's inability to perform the contract" beginning June 5, 2021 (R4, tabs 37a-37c at 2). The Army provided a document showing that the emails were delivered to KBE on June 4, 2021 (R4, tab 38). In addition, the appellant agrees that it received these modifications on June 4, 2021 (app. resp. at 2). We find that the Army issued a COFD on June 4, 2021, terminating the contract and task orders for cause, and KBE received this COFD on that same day.

On Thursday, September 2, 2021, counsel for KBE filed a notice of appeal with the CBCA requesting that the termination for cause be modified to a termination for convenience and stating that KBE was not seeking monetary relief. KBE also sent the notice to the contracting officer at his .mil email address. The attachment to the email was titled "Notice of Appeal W Exhibits.pdf." (App. sup. R4, tab 6) We find there is no mention of an intent to appeal to the ASBCA in this email.

On Friday, September 3, 2021, counsel for KBE filed its notice of appeal with the ASBCA. The attachment to the appeal was titled "Notice of Appeal – ASBCA.pdf." (App. supp. R4, tab 7)

## DECISION

As noted above, the Army moves to dismiss the appeal because the appellant did not file its notice of appeal with this Board within 90 days of receipt of the COFD (gov't mot. at 2). KBE contends that although it errantly filed its notice of appeal with the CBCA within 90 days of receipt of the COFD, it nonetheless also sent the notice to the contracting officer on that same day. According to KBE, since the notice to the contracting officer expressed dissatisfaction with the final decision (*i.e.,* termination for cause), and stated an intention to appeal to an authority above the contracting officer, this Board has authority to hear the appeal under its longstanding precedent concerning

3

"misdirected appeals." (*See* App. resp. at 2-4)[2] In sum, KBE contends that misdirection of a notice of appeal is not fatal when sufficient notice is sent timely to the contracting officer (app. resp. at 4).

The CDA states that a COFD "is final and conclusive and is not subject to review by any forum, tribunal, or Federal Government agency, unless an appeal or action is timely commenced as authorized by this chapter." 41 U.S.C. § 7103(g). The CDA further states that a contractor, "within 90 days from the date of receipt of a contracting officer's decision . . . may appeal the decision to an agency board. . . ." *Id.* § 7104(a). Accordingly, the "90-day period in which to appeal to an agency board is part of a statute waiving sovereign immunity which must be strictly construed and which cannot be waived by a board." *Maria Lochbrunner*, ASBCA No. 57235, 11-2 BCA ¶ 34,783 at 171,186 (citing *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982); *Waterstone Envtl. Hydrology and Eng'g, Inc.*, ASBCA No. 57557, 12-1 BCA ¶ 35,028 at 172,142. "Thus, even if an appellant files an appeal 91 days after its receipt of the COFD, we do not possess jurisdiction over that appeal." *Haakenson Elec. Co.*, ASBCA No. 62606, 21-1 BCA ¶ 37,757 at 183,283.

To calculate whether KBE filed its appeal in the required time period, we determine both the date the COFD was received by the contractor and the 90-day period for making an appeal commenced, and the effective date KBE filed its notice of appeal. Here, KBE

---

[2] KBE's statement of facts concludes that the COFD did not contain the requisite paragraph of appeal rights required by 48 C.F.R. § 33.211(a)(4)(v) (app. resp. at 2). However, KBE does not argue that the alleged defect prejudiced KBE with respect to its appeal. And nor could it, since KBE had counsel file its appeal, an appeal was filed with a Board within 90 days of the COFD, and therefore KBE knew of its appeal rights when it received the decisions. *See Bushra Co.*, ASBCA No. 59918, 16-1 BCA ¶ 36,355 at 177,239 (where appellant made no allegation that it was misled by termination letter that did not fully explain appeal rights, the deficient notice did not invalidate the termination letter's starting of appeal clock); *Grand Serv., Inc.*, ASBCA 42448, 91-3 BCA ¶ 24,164 (prescribed notice of appeal rights, as set forth at FAR 33.211, does not require the contracting officer to identify the Board's address, or even the board's specific name, in the decision); *Medina Contracting Co.*, ASBCA No. 53783, 02-2 BCA ¶ 31,979 (appeal was untimely where not filed with the Board within 90 days and appellant did not allege or demonstrate defect in contracting officer's final decision involving a termination for default which stated the contractor had a right to appeal but failed to identify appeal forums or deadlines).

received the COFD on June 4, 2021, and appealed to the ASBCA on September 3, 2021, 91 days later. That appeal was plainly untimely.

As KBE notes, the Board has in the past, under narrow circumstances, taken jurisdiction of appeals under the CDA where notices of appeal were timely filed with a contracting officer, or certain Defense components, since in those cases it was tantamount to filing with the Board; this is sometimes referred to as a "misdirected appeal." *See Afghan Active Grp.*, ASBCA No. 60387, 16-1 BCA ¶ 36,349 at 177,211-12; *Ft. McCoy Shipping & Servs.*, ASBCA No. 58673, 13 BCA ¶ 35, 429 at 173,794-95; *Waterstone Envtl. Hydrology and Eng'g, Inc.*, 12-1 BCA ¶ 35,028 at 172,142; *Thompson Aerospace, Inc.*, ASBCA Nos. 51548, 51904, 99-1 BCA ¶ 30,232 at 149,569-70 (timely notice of appeal to contracting officer). "To be adequate, a notice of appeal requires only a writing filed within the requisite time period, expressing dissatisfaction with the [contracting officer]'s decision, and indicating an intention to appeal the decision to a higher authority." *Eur-Pac Corp.*, ASBCA No. 61647, 18-1 BCA ¶ 37,202 at 181,107; *see also Contraves-Goerz Corp.*, ASBCA No. 26317, 83-1 BCA ¶ 16,309. With respect to the requirement that the notice indicate an intention to appeal to a higher authority--the criterion most important here--we have stated that the notice to appeal to the contracting officer must "reasonably . . . demonstrate an intent to appeal to the Board in order for our jurisdiction to attach." *Eur-Pac Corp.*, 18-1 BCA ¶ 37,202 at 181,107 (quoting *Oconto Elec., Inc.,* ASBCA No. 36789, 88-3 BCA ¶ 21,188 at 106,939).

Accordingly, in the past, the Board has "not taken jurisdiction over appeals misfiled with different tribunals" despite being filed on time with the contracting officer. *Waterstone Envtl. Hydrology and Eng'g, Inc.*, 12-1 BCA ¶ 35,028 at 172,142. For example, and similar to the facts here, in *Interaction Research Instit., Inc.*, ASBCA No. 55198, 06-1 BCA 33,189, we dismissed as untimely a late appeal filed with the ASBCA, which had been timely filed with the General Services Board of Contract Appeals (which is now the CBCA). In that appeal, we concluded that the appellant's letter to the contracting officer "did not clearly express its election to appeal to *this* Board. . . ." *Id.* at 164,512 (emphasis added) (citing *Stewart-Thomas Indus., Inc.*, ASBCA No. 38773, 90-1 BCA ¶ 22,481 at 112,836 (notice of appeal must express an election to appeal to this Board)); *see also Maria Lochbrunner*, 11-2 BCA ¶ 34,783 at 171,186 (letter sent to contracting officer expressed intent to appeal to a German court and not ASBCA and therefore was not a "misdirected appeal").

We likewise conclude that KBE's email to the contracting officer did not express any intent to appeal to the ASBCA. Rather, the email, which was filed with the CBCA at the same time, demonstrates that KBE knows how to file appeals on time with a Board. KBE's email to the contracting officer is not a misdirected appeal, and KBE's appeal is untimely.

CONCLUSION

We do not possess jurisdiction because appellant failed to file a notice of appeal with this Board within 90 days of the COFD. Therefore, we grant the government's motion to dismiss, and dismiss this appeal with prejudice.

Dated: February 16, 2022

LAURA EYESTER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63023, Appeal of Kentucky Business Enterprise, rendered in conformance with the Board's Charter.

Dated: February 16, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

6